## I  THE UNITED STATES DISTRICT    URT
## FOR THE DISTRICT OF MARYLAND

CHARLES R. COHEN, et al.          *
        **Plaintiff(s)**
                             *

      **vs.**                         **Civil No.  WMN-00-1168**
ENTANGIBLE.COM, et al.          *
        **Defendant(s)**
                             *

******

## SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9.  **The schedule will not be changed except for good cause.**

I. <u>DEADLINES</u>

| | |
|---|---|
| Joint request for early settlement/ADR conference (This request will not postpone discovery unless otherwise ordered). | July 20, 2000 |
| Report <u>re</u> deposition hours | July 20, 2000 |
| Moving for joinder of additional parties and amendment of pleadings | August 21, 2000 |
| Plaintiff's Rule 26(a)(2) disclosures <u>re</u> experts | September 5, 2000 |
| Defendant's Rule 26(a)(2) disclosures <u>re</u> experts | October 4, 2000 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures <u>re</u> experts | October 18, 2000 |
| Rule 26(e)(2) supplementation of disclosures and responses | October 25, 2000 |
| **Discovery deadline; submission of status report** | November 20, 2000 |

Request: admission                          Nove. er 27, 2000

**Dispositive pretrial**                     December 18, 2000
**motions deadline**

## II. DISCOVERY

Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) does not apply. See Local Rule 104.10.

Discovery Conference

This action is exempted from the requirements of Fed. R. Civ. P. 26(d) and (f). See Local Rule 104.10. However, you are encouraged to confer with one another immediately in order to (a) identify the issues, (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense and (d) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

a. All written discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court. If they are, they will not be returned by the Clerk but will be retained for seven days. Thereafter, unless retrieved by the filing party, they will be destroyed without further notice.

d. Motions to compel shall be filed in accordance with Local Rule 104.8.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

Deposition Hours

Please confer with one another and report to me within 14 days of the date of this order concerning the number of hours of depositions which you believe is appropriate. If I have not heard from you by that date, each side shall be limited to [Deposition Hours: ] hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.) If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

## III.  STATUS REPORT

The parties shall file in chambers only (not with the Clerk) on the day of the discovery deadline a status report covering the following matters:

a.  Whether discovery has been completed;

b.  Whether any motions are pending;

c.  Whether any party intends to file a dispositive pretrial motion;

d.  Whether the case is to be tried jury or non-jury and the anticipated length of trial;

e.  A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f.  Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

g.  Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

h.  Any other matter which you believe should be brought to the court's attention.

## IV.  DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be

scheduled.

## V.  STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed unless that report indicates that one or more of you intends to file a dispositive pretrial motion.  In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

a.  I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

b.  I will set a pretrial conference date and a trial date; and

c.  I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge.  **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI.  ADMINISTRATIVE MATTERS

Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office.

Courtesy copies of any motions or other papers filed with the Clerk should <u>not</u> be provided to chambers without my permission.  The original and one copy of all motions and memoranda should be filed with the Clerk, except that two copies of any discovery motions and memoranda should be filed with the Clerk.  <u>See</u> Local Rule 105.1.

## VII.  ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VIII.  COMPLIANCE WITH LOCAL RULES

The court will demand compliance with the Local Rules.  If you need to obtain a copy of the Local Rules, they are available on our website at <u>www.mdd.uscourts.gov,</u> or for purchase from the following companies:

U.S. District Court (Rev. 03/2000) - Scheduling Order,
No Trial Date, setting Dep. Hours                          4

|                          |                      |                        |
| ------------------------ | -------------------- | ---------------------- |
| The Dai... .ecord        | Gremlin Press        | Lawy  .' Coop          |
| (410) 752-3849           | (410) 255-8811       | 1-716-546-5530         |
|                          |                      |                        |
| Michie Company           | Rules Service Co.    | West Publishing Co.    |
| 1-804-972-7600           | (301) 424-9402       | 1-800-328-9352         |

Date: ___7 /6 /00___          _____

William M. Nickerson
United States District Judge