IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES R. COHEN, et al.  :
:
v.                         :   Civil Action WMN-00-1168
:
ENTANGIBLE.COM, et al.     :

**MEMORANDUM**

Before the Court is Defendants' Motion to Dismiss Count III of the Complaint (Paper No. 7). The motion is fully briefed and ripe for decision. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendants' motion will be denied.

This suit arises out of a series of events leading up to Defendant entangible.com's ("entangible") offer of employment to Mr. Cohen and the subsequent withdrawal of that offer, which left both Plaintiffs, Mr. and Mrs. Cohen, unemployed. Prior to April 13, 2000, Mr. Cohen was employed by Holt Paper & Chemical Co., Inc. ("Holt") as the director of sales. It was through his employment that he came into contact with entangible, a company providing e-business services to Holt. On March 17, 2000, Ms. Hanson, entangible's President and CEO, contacted Mr. Cohen to discuss the possibility of employment with entangible as its director of sales. Entangible flew Mr. Cohen to its home office in Idaho for an interview on March 26, 2000. After several discussions, the parties, on March 27, 2000, agreed to the terms

1

of Mr. Cohen's employment. These terms, according to Mr. Cohen, included a starting salary of $125,000 annually, health and dental benefits, a company car phone and laptop, stock options, an incentive bonus, and a two-year guaranteed contract.[1] Additionally, the parties allegedly agreed that Mrs. Cohen would quit her job to stay home with the Cohen's children. This was deemed necessary due to the travel demands that would be placed on Mr. Cohen. Prior to Mr. Cohen leaving Idaho on March 28, 2000, entangible's Chairman, Mr. Reifschneider, allegedly received a call from Holt President, Mr. Holt, during which Mr. Holt expressed his displeasure with entangible for having "stolen" a key employee. Complaint at ¶ 11.

Upon returning home on March 28, 2000, Mr. Cohen received a telephone call from Ms. Hanson, during which Ms. Hanson stated that Mr. Reifschneider would not approve a salary of $125,000. The parties agreed upon a reduced salary of $100,000, after which confirmatory letters of offer and acceptance were exchanged via email. Later that day, the Cohens resigned from their respective positions.

On March 29, 2000, Mr. Cohen was informed, by Ms. Hanson,

---

[1] Allegedly, the terms of the guarantee were that if Mr. Cohen was terminated prior to the end of two years, he would be paid the balance of the salary due him to complete the two-year term. Complaint at ¶ 10.

that his title would need to be changed from "director of sales" to "sales person" due to entangibles imminent sale to another company. Mr. Cohen agreed to the change. Also during this conversation, Mr. Cohen pointed out that the written confirmation did not mention the verbal agreement of the two-year guarantee. Ms. Hanson allegedly stated that documentation of that agreement would be sent immediately via FedEx. When the FedEx package did not arrive on March 30, 2000, Mr. Cohen contacted Ms. Hanson and was told that Mr. Reifschneider "had had a change of heart and now wanted to wait" a few weeks to fill the position. Complaint at ¶ 18. A short time later, the offer of employment was withdrawn altogether. The Cohens immediately attempted, unsuccessfully, to regain their previous positions.

The Cohens filed this suit alleging three counts: breach of contract, promissory estoppel and fraud/intentional misrepresentation. Defendants responded by bringing this motion to dismiss count three of the complaint. In the motion, Defendants' assert that the fraud claim cannot be maintained for two reasons: (1) it does not comply with the notice and specificity requirements of Federal Rule of Civil Procedure 9(b) and (2) it does not satisfy all the elements of fraud. The Court disagrees.

The purpose of a motion under Federal Rule of Civil

3

Procedure 12(b)(6) is to test the legal sufficiency of the statement of the claim. <u>Chertkof v. Baltimore</u>, 497 F.Supp. 1252 1258 (D. Md. 1980). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Faulkner Advertising Assoc., Inc. v. Nissan Motor Corp.</u>, 905 F.2d 769, 771-72 (4th Cir. 1990). When ruling on a motion under Rule 12(b)(6), the court must presume all of the allegations to be true, must resolve all doubts and inferences in favor of plaintiff, and must view the allegations in a light most favorable to the plaintiff. <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243-44 (4th Cir. 1999).

Defendants' first claim that Plaintiffs fraud claim does not comply with the notice and specificity requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "in all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." The "circumstances" refer to "the time, place, and contents of the false representation, as well as the identity of the person making the misrepresentation and what was obtained thereby." <u>All Risks, Ltd. v. Equitable Life Assurance Society</u>, 931 F.Supp. 409, 419 (D. Md. 1996). Here, the complaint more than satisfies the requirements of Rule

9(b). Plaintiffs have identified the dates and times at which the misrepresentations allegedly occurred, the identity of the person making the misrepresentations, as well of the content of the misrepresentations. Therefore, Defendants' motion to dismiss for lack of specificity will be denied.

Defendants next assert that Plaintiffs' claim of fraud must fail because Plaintiffs are unable to satisfy all five elements of a fraudulent misrepresentation claim. In Maryland, to establish a claim of fraudulent misrepresentation, the plaintiff must show: (1) that the representation was false; (2) that its falsity was either known to the speaker, or that the misrepresentation was made with such a reckless indifference to truth as to be equivalent to actual knowledge; (3) that it was made for the purpose of defrauding the person claiming to be injured; (4) that such person justifiably relied upon the misrepresentation such that, absent the misrepresentation, he would not have done the thing from which the injury resulted; and (5) actual damages as a direct result of the fraudulent misrepresentation. Miller v. Fairchild Industries, Inc., 97 Md. App. 324, 341-42 (1993), cert. denied, 333 Md. 172 (1993). See Froelich v. Erickson, 96 F.Supp.2d 507, 522 (D. Md. 2000).

Defendants first allege that there are no false statements and, therefore, there can also be no knowledge of falsity at the

5

time each statement was made. Defendant focuses on the changes that were made to the alleged verbal agreement. Because of the changes, according to Defendant, "nothing Hanson subsequently said ... could be construed as an assurance that entangible would continue to honor the alleged verbal agreement." Motion at 5. Defendant, however, misses the point. Plaintiffs are not taking issue with the truth or falsity of the later statements. Instead, Plaintiffs' are saying that all later negotiations and assurances were false because, after receiving the phone call from Mr. Holt on March 28, 2000, Defendants no longer intended to hire Plaintiff because they did not want to alienate a client. Therefore, all statements contrary to that intent were false. Additionally, all later statements would also have been known to be false by Ms. Hanson at the time they were made. Thus, taking Plaintiffs' allegations as true, Plaintiffs have satisfied the first and second elements.

Defendant also argues that the fourth element, of justifiable reliance, is not satisfied because there can be no justifiable reliance on the promise of an at-will employment contract. See <u>McNierney v. McGraw Hill, Inc.</u>, 919 F.Supp. 853 (D. Md. 1995). This case, as pled, however, does not involve an at-will employment contract. Instead, Plaintiffs' allege the existence of a verbal contract whereby Mr. Cohen's employment was

6

guaranteed for a term of two-years. The fact that the written confirmation of the offer did not mention this two-year guarantee does not end the inquiry as, on the day after the written confirmation was sent, Ms. Hanson, allegedly, promised Mr. Cohen that she would send, by FedEx, documentation affirming the two-year guarantee.

For the foregoing reasons, Defendants' Motion to Dismiss Count III of the Complaint will be denied. A separate order will issue.

_____
William M. Nickerson
United States District Judge

Dated: November *14*, 2000