IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES R. COHEN et al.,            *
      Plaintiffs,                  *

                                *       Civil Action No. WMN-00-1168
v.                                  *

ENTANGIBLE.COM et al.,
      Defendants.                  *

*     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM

This case has been referred to the undersigned for the
resolution of discovery disputes pursuant to 28 U.S.C. § 636(b)
and Local Rule 301. Plaintiff Charles Cohen ("Mr. Cohen")
alleges that defendant entangible.com breached an employment
agreement with him. Currently pending are Plaintiffs' Motion To
Compel Production of Documents, Defendants' Opposition, and
Plaintiffs' Reply. (Paper Nos. 23, 25, 29). The only remaining
dispute involves the applicability of the work-product doctrine
to a two-page written statement prepared by Karen Hanson, the
former president of entangible.com. (Paper No. 25 at 1). No
hearing is deemed necessary. Local Rule 105.6. For the
following reasons, plaintiffs' motion is granted.

## I.    **Background**

On March 30, 2000, Mr. Cohen's attorney faxed a letter to

entangible.com's president, Ms. Hanson, stating that if

"entangible.com continues in its breach, then Mr. Cohen will have

no alternative than to seek to enforce his legal rights

including, but not limited to, the securing of a monetary

judgment against entangible.com in the appropriate court of law."

(Id., Ex. A at ¶ 2).  After speaking to a member of

entangible.com's board of directors and then an attorney, Ms.

Hanson prepared a two-page written statement on the same day,

March 30, 2000, reflecting everything she could remember.

("Statement").  (Id.).  On April 10, 2000, entangible.com was

acquired by Amphire Solutions, Inc.  Thereafter, Ms. Hanson lost

her job.  On June 26, 2000, Ms. Hanson executed a separation

agreement with Amphire which included a provision requiring her

to cooperate in this litigation.  A copy of the Statement was

attached to the separation agreement.  Specifically, the

separation agreement provides that Ms. Hanson "reaffirms that the

attached statement previously signed by her is accurate.

Therefore, she agrees to restate this information if and when

asked about the subject matter contained in the statement,

whether under oath or otherwise."  (Paper No. 25, Ex. C at ¶ 4).

Defendants have produced the separation agreement in response to a document request by plaintiffs, but have withheld the Statement claiming it is protected pursuant to the work-product doctrine. (Id.).

## II. Discussion

Defendants argue that the Statement constitutes privileged work product, that plaintiffs have not made a sufficient showing to justify production of the Statement, and that defendants have not waived the work-product privilege. (Paper No. 25 at 3-5).[1] Plaintiffs argue that because Ms. Hanson's credibility is at issue, her Statement "is not only relevant but is of great importance." (Paper No. 29 at 2). Moreover, plaintiffs state that because Ms. Hanson bound herself contractually to the Statement, they have a substantial need to examine that particular Statement and they cannot obtain its equivalent through other means. (Id.). Plaintiffs finally argue that defendants would suffer no prejudice through disclosure of the Statement because the Statement is only factual in nature and will not reveal the "mental impressions, conclusions, opinions,

---

[1] Plaintiffs do not argue that defendants waived the work-product privilege here and, therefore, the court does not address this issue.

3

or legal theories" of defense counsel.  (Id.).

Federal Rule of Civil Procedure 26(b)(3) provides that:

a party may obtain discovery of documents and tangible
things otherwise discoverable under subdivision (b)(1)
of this rule and prepared in anticipation of litigation
or for trial by or for another party or by or for that
other party's representative (including the other
party's attorney, consultant, surety, indemnitor,
insurer, or agent) upon a showing that the party
seeking discovery has substantial need of the materials
in the preparation of the party's case and that the
party is unable without undue hardship to obtain the
substantial equivalent of the materials by other means.

See also Hickman v. Taylor, 329 U.S. 495 (1947) (recognizing

limitations on discovery of lawyers' work product).  In applying

Rule 26(b)(3), a court must determine whether documents at issue

were prepared "in anticipation of litigation."  Nat'l Union Fire

Ins. Co. v. Murray Sheet Metal Co. ("Nat'l Union"), 967 F.2d 980,

985 (4th Cir. 1992).[2]

If this requirement is met, the court must decide whether

the documents are "opinion work product," meaning they embody

"mental impressions, conclusions, opinions, or legal theories of

---

[2] Rule 26(b)(3) also requires that the documents were
prepared by or for a party or its representative.  Charles Alan
Wright et al., 8 Federal Practice and Procedure § 2024 (2d ed.
1994) (Rule 26(b)(3) has three requirements: (1) documents or
tangible things (2) prepared in anticipation of litigation (3) by
or for party or representative).  This requirement is clearly met
here because Ms. Hanson served as entangible.com's president at
the time she prepared the Statement.

4

an attorney." Id. If so, the documents enjoy "nearly absolute immunity." In re Allen, 106 F.3d 582, 607 (4th Cir.), cert. denied, McGraw v. Better Government Bureau, Inc., 522 U.S. 1047 (1998); Nutramax Labs., Inc. v. Twin Labs., Inc. et al., 183 F.R.D. 458, 462-63 (D. Md. 1998). Otherwise, the documents are considered "fact work product," and their discovery turns on "whether the requesting party has a substantial need for them, taking into account their relevance and importance and the unavailability of the facts in the documents from other sources." Nat'l Union, 967 F.2d at 985.

In this case, the Statement indisputably was prepared in anticipation of litigation in that Ms. Hanson prepared the Statement on the same day that Mr. Cohen's attorney faxed a letter threatening litigation and just after she conferred with an attorney. Similarly, there is no question that the Statement is fact work product, rather than opinion work product. As Ms. Hanson has acknowledged, the Statement was a factual account of "everything I could remember" rather than "mental impressions, conclusions, opinions, or legal theories of an attorney." (Paper No. 25, Ex. A at ¶ 4). Thus, discovery of the Statement is dependent upon plaintiffs' showing of substantial need based upon considerations of the relevance and importance of the statement,

as well as the unavailability of a substantial equivalent through
other sources.

On this issue, plaintiffs argue that the Statement is
relevant and important as impeachment evidence because Ms.
Hanson's version of the events surrounding the alleged employment
agreement differs from Mr. Cohen's.  (Paper No. 29 at 2).  It is
particularly critical, plaintiffs note, because Ms. Hanson's
separation agreement requires her to restate the version of
events in her Statement.  (Id.).  Defendants argue that
plaintiffs have not shown substantial need because plaintiffs
were able to depose Ms. Hanson and "thoroughly inquire regarding
the facts as she remembered them, and particularly her
communications with Mr. Cohen over the terms of his prospective
employment.  Thus, Plaintiffs have not been deprived of any
information relating to the subject of this litigation."  (Paper
No. 25 at 5).

The court concludes that the Statement is clearly relevant
and important to plaintiffs for potential impeachment of Ms.
Hanson, particularly given that credibility of the witnesses
appears to be a central issue in the case.  Cf. Hickman, 329 U.S.
at 394 (recognizing potential value of witness statements "for
purposes of impeachment or corroboration").  Whether Ms. Hanson

made certain representations to Mr. Cohen regarding his potential employment with defendant is essential to plaintiffs' contract, promissory estoppel, and fraud claims. Not surprisingly, Mr. Cohen and Ms. Hanson have different versions of what occurred and, therefore, the Statement is of critical importance.

It is also clear that a substantial equivalent of the Statement is unavailable. The Statement is unique because it was prepared just after the alleged employment agreement, and at a time when Ms. Hanson's recollection of events was presumably fresher than at her deposition six months later. Indeed, as Ms. Hanson notes, "I wrote down everything I could remember while it was still fresh in my mind." (Paper No. 25, Ex. A at ¶ 4). The importance of the Statement is particularly compelling under these circumstances. See Johnson v. Ford, 35 F.R.D. 347, 350 (D. Colo. 1964) ("[N]ear-contemporaneous statements . . . are unique catalysts in the search for truth. The witnesses are, to be sure, still available to all parties, but their original statements are unique, cannot fully be re-created, and are not, in this case, insulated from discovery by any special circumstances such as are present where privilege or work product of a lawyer is involved."). In sum, a substantial equivalent of the Statement is unavailable here.

Finally, and perhaps most compelling in the court's view, is the fact that Ms. Hanson's separation agreement requires her to testify consistently with the Statement. Under these circumstances, there can be no question that plaintiffs have a substantial need for the Statement. Any other statements made by Ms. Hanson, including her deposition testimony, are inadequate substitutes for the Statement to which she has contractually bound herself. Based upon the above, the court finds that plaintiffs have shown both a substantial need for the Statement in terms of its relevance and importance as well as the unavailability of a substantial equivalent. Accordingly, defendant must produce the Statement to plaintiffs.

## III. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs' Motion To Compel Production of Documents is granted. (Paper No. 23). A separate order shall issue.


February 8, 2001
_____
Date

_Beth P. Gesner_
Beth P. Gesner
United States Magistrate Judge


8