IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES R. COHEN, et al.,           )
                                    )
            Plaintiffs,             )
                                    )
        v.                          )          Civil Case No. WMN 00CV1168
                                    )
ENTANGIBLE.COM, et al.,             )
                                    )
            Defendants.             )

REVISED PROTECTIVE ORDER

Upon the request and stipulation of the parties and their counsel for the entry of a

protective order governing the disclosure of certain documents and other information of a

confidential, private, commercial or trade secret nature, and finding that such a protective order is

necessary in order to facilitate mutual discovery as well as to protect the parties' competing

interests, it is hereby ORDERED that the following terms and conditions shall apply to all

documents, information or other things produced by any party in connection with either the

discovery or the trial in this action:

1.      The term "confidential" as used herein includes all documents, materials and

information designated by Plaintiff or Defendant as "Confidential" or "For Attorneys' Eyes

Only" and produced to the opposing party and her/its counsel in response to requests for

production of documents and interrogatories.  The definition of "confidential" includes, but is not

limited to, materials identified in Federal Rule of Civil Procedure 26(c)(7).

- 2 -

2.    A party (hereinafter the "Designating Party") shall have the right to designate and label information, documents and tangible things that are revealed or produced in this action and which the Designating Party reasonably contends contains trade secrets or confidential, commercial or personal information, as either "Confidential" or "For Attorneys' Eyes Only," pursuant to the procedures set forth herein.

3.    Materials designated as confidential (hereinafter "Confidential Material") shall, if in documentary form and copied for production, be stamped or designated "Confidential" or "For Attorneys' Eyes Only" and be maintained and disclosed subject to the provisions of this Order.

4.    Any Confidential Material filed with the Court shall be filed under seal.  The sealed envelope in which such Confidential Material is filed shall be prominently marked "Confidential - Disclosure Subject to Court Order Only" and shall be kept under seal until further order of Court.  The party making such filing must simultaneously submit a motion and an accompanying Order which includes:  (a) proposed reasons supported by specific factual representations to justify the sealing, and (b) an explanation why alternatives to sealing would not provide sufficient protection.  One copy of any Confidential Material filed with the Court shall be furnished to opposing counsel.

5.    Except as otherwise provided herein, Confidential Material shall be used solely for the prosecution and defense of the claims in this action.  Unless the Court for good cause shown rules otherwise, Confidential Materials shall not be disclosed to any person other than the Court and the following individuals:

- 3 -

a.  Judicial officers and personnel of this Court (including stenographic reporters);

b.  Counsel of record in this action and the members and associates of their law firms;

c.  The clerical and paralegal staff of counsel of record in this action;

d.  Persons (other than parties to this action) retained by counsel of record to furnish expert services or advice or to give expert testimony in this action;

e.  Any officers(s), employee(s), or representative(s) of the parties who are required in good faith to provide assistance in the conduct of this litigation and who shall be advised of and subject to the provisions of this Order;

f.  Any witness at a deposition, hearing or trial if the disclosing party in good faith deems the disclosure necessary for cause, subject to the witness' prior agreement to be bound by the terms of this Order; and

g.  The person or entity which wrote or received the document or gave the testimony designated as confidential.

6.  Before any Confidential Material is disclosed to any person as permitted in subparagraph 5(b) through 5(g) hereof, such person shall be provided a copy of this Order and directed not to use or disclose the contents of any Confidential Material for any purpose other than as permitted in this Order or subsequent order of this Court.

- 4 -

7.    Any party may designate Confidential Materials which its counsel reasonably believes contain trade secrets and other confidential, non-public, personal and/or proprietary business information, the disclosure of which could be especially detrimental or harmful to the Designating Party, as "For Attorneys' Eyes Only." "For Attorneys' Eyes Only" material shall be designated by inscribing or stating the words "Highly Confidential" or "For Attorneys' Eyes Only" on the face of each page of each document so designated. Any "For Attorneys' Eyes Only" material filed with the Court shall be filed under seal pursuant to the procedure set forth in paragraph 4.

8.    "For Attorneys' Eyes Only" material (and any information contained therein or derived therefrom) shall be used solely for the prosecution and defense of the claims of this action and shall not be disclosed to any persons, whatsoever, except this Court and the persons encompassed by subparagraphs 5(a) through 5(d) herein. Before any "For Attorneys' Eyes Only" material may be disclosed to a person encompassed by subparagraph 5(d) herein, such person shall sign a statement attesting to the fact that the person to whom the "For Attorneys' Eyes Only" material is disclosed has read and understands this Order, and understands that unauthorized disclosures of materials protected from disclosure pursuant to this Order may constitute contempt of court.

9.    The parties and the persons identified in paragraph 5 above shall be prohibited from disclosing the contents of the designated materials or portions thereof to any person, board

- 5 -

or agency, except as otherwise agreed upon in writing by the Designating Party or except as permitted by subsequent order of this Court.

10.    In the event that a party receiving Confidential Material objects to its designation as either "Confidential" or "For Attorneys' Eyes Only," counsel for that party shall provide the Designating Party written notice of and the basis for such objections. The parties will use their best efforts to resolve the objections between themselves. However, should the parties be unable to resolve the objections, the party receiving the Confidential Material may seek a hearing before this Court with respect to the propriety of the designation. Pending a resolution, the documents and/or material in question shall continue to be treated as designated. The burden of proving that the documents and/or information are confidential under Rule 26(c) shall at all times remain with the Designating Party.

11.    Prior to the trial of this action, counsel for all parties shall seek to reach agreement on the handling of Confidential Material at the time of trial, so as to provide the maximum protection possible against public disclosure without in any way infringing on the rights of all parties to present all evidence they deem necessary at such trial, and counsel shall submit the agreement, or if no agreement can be reached, the parties' proposals, to this Court for its consideration, with the request that the Court enter further orders as are necessary to implement the protection of the Confidential Material at trial as agreed or as the Court may direct based upon counsels' proposals.

- 6 -

12.    Within thirty (30) days upon final termination of this case, including appeals, all persons subject to this Order shall return all materials designated as "Confidential" or "For Attorneys' Eyes Only" and all documents containing information referring to or derived therefrom (but not including privileged communications or attorney work product) to counsel for the Designating Party.  If any Confidential Material is furnished under this Order to any expert or other person, the attorney for the party retaining such expert or furnishing such information to another permitted person shall be responsible to ensure that all Confidential Material is returned to and disposed of pursuant to the terms of this Order.

13.    Nothing contained in this Order shall affect the right of either party to make any objection, claim or other response to interrogatories, requests for admissions, request for production of documents or to any questions at depositions.  Furthermore, this Order shall not waive any party's legal arguments, rights or obligations with respect to any material produced in this action.

14.    Nothing in this Order shall be construed to restrict the Designating Party's own use of the documents or information covered by this Order.

15.    Any party violating this Order by the unauthorized disclosure or use of designated information shall be subject to sanctions for contempt of court.  Moreover, the terms of this Order shall survive any final disposition of this case.

- 7 -

16.     If any party finds that any of the terms of this Order impedes their ability to

prepare or present their case, that party may seek appropriate modification of the Order from this

Court.

ENTERED this 6ᵗʰ day of ___March_____, 2001.

_____
United States District Judge


**STIPULATED AND CONSENTED TO:**


_____
Christopher A. Weals, Federal Bar No. 08411
SEYFARTH SHAW
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
Attorneys for Defendants


_____
Robin R. Cockey, Federal Bar No. 02657
COCKEY, BRENNAN & MALONEY, P.C.
116 West Main Street, Suite 305
Salisbury, Maryland 21801
(410) 546-1570
Attorneys for Plaintiffs


DC1 30045915 v 2